HARRY ENNEVER ET AL., PROSECUTORS, v. BOROUGH OF HARRINGTON PARK, RESPONDENT.

Submitted October 1, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Morrison, Lloyd & Morrison.*

For the respondent, *Fred W. Mattocks.*

PER CURIAM.

This case comes up on writ of *certiorari* to review the assessments for benefits laid against the properties of the prosecutors for the improvement of the parkway in the borough of Harrington.

The ordinance under which the work was done called for a twenty-foot pavement, and certain parts of the pavement actually laid somewhat exceeded that width. The prosecutors contend that that irregularity voids the assessments inasmuch as a proportionately larger sum of money was thus required to be raised. Detailed proofs are not before us, but it appears that eight thousand nine and three-tenths yards of pavement were laid, whereas the engineer's preliminary estimate on the basis of the ordinance was six thousand five hundred yards. If the difference in these figures were to be taken as the measure of the excess width, the extra cost was $4,829.76 which, as apportioned amongst the properties liable, means something under $15 to each of the prosecutors; but

we are not satisfied that even this much, in either yardage or cost, is involved inasmuch as we are unable to determine from the evidence how much of that variation is due to actual excess in width. The prosecutors place before us a sketch upon which is shown the roadway and upon which, at several points, is indicated the width at those points as measured by one of the prosecutors; and the width of the pavement thus appears to be twenty feet in the middle of each block, widening, as it approaches the cross streets, into what is generally known as an "apron," or short extension towards the transverse street opening. We are unable to say that this comparatively slight variation was not necessary to give proper engineering stability to the road as prescribed in the ordinance. The actual cost of the improvement, $39,568.64, was well within the appropriation of $45,000 contained in the ordinance.

Moreover, the prosecutors seem to have stood by and, without objection, observed the work, of which they now complain, being done. Prosecutor Ennever admits that he was present at all of the meetings of council and was familiar with the plan to widen the pavement at the corners and did not object. Prosecutor Flint says that when the construction began he knew of the change and made no objection. There was no remonstrance from anyone until the work had been completed, and not then until the hearing was had on the assessments. The objections then made, as they appear from the record, were not that the work was not duly authorized or that the municipal authority had been exceeded, but that the objectors were not benefited by the improvement. There never was any justification for believing that the work was to be done or was being done other than as a local improvement, to be paid for by assessments upon the property owners.

We consider that, under the circumstances of the case, the prosecutors should have presented a timely objection and that by their attitude they acquiesced in such change as was made in the extent of the improvement; and that their laches in this respect should result in a dismissal of the writ.

The writ is dismissed, with costs.